FILED

1   Leo James Terrell, State Bar No. 149693
    CIVIL1975@aol.com
2   LAW OFFICES OF LEO JAMES TERRELL
    8383 Wilshire Blvd., Suite 920
3   Beverly Hills, California 90211
    Telephone: (323) 655-6909
4   Facsimile: (323) 655-5104

5   Attorneys for Plaintiff,
    PEGGY A. WILCHER

2010 MAY -4  PM 2:36

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10  PEGGY A. WILCHER,              ) CASE NO.: 2:10-cv-01804-VBF-AGR
                                   )
11              Plaintiff,         ) THIRD AMENDED COMPLAINT FOR
                                   ) DAMAGES FOR:
12                                 )
                                   ) 1. RETALIATION IN VIOLATION
13  vs.                            ) OF TITLE VII OF THE CIVIL RIGHTS
                                   ) ACT OF 1964 (42 U.S.C. §2000e, et seq.)
14                                 )
                                   ) 2. WILLFUL VIOLATION OF FAIR
15                                 ) LABOR STANDARDS ACT ("FLSA")(29
                                   ) U.S.C. 201 ET SEQ.)
16  CITY OF BEVERLY HILLS,  and    )
    DOES 1-20, inclusive,          ) 3. RETALIATION IN VIOLATION OF
17                                 ) THE FAIR LABOR STANDARDS ACT
                Defendants.        ) ("FLSA")(29 U.S.C. 201, et seq.)
18                                 )
                                   ) 4. RETALIATION IN VIOLATION
19                                 ) OF CALIFORNIA FAIR EMPLOYMENT
                                   ) AND HOUSING ACT (CAL. GOV. CODE
20                                 ) §12900, et seq.)
                                   )
21  _____ (DEMAND FOR A JURY TRIAL)

22

23                       **NATURE OF THE ACTION**

24      1. This civil action is brought to remedy Defendant's unlawful arbitrary

25  practices and policies of retaliation, racial discrimination and violations of Title

26  VII of the Civil Rights Act of 1964, the California Fair Employment and Housing

27  Act, and the Fair Labor Standards Act. Plaintiff seeks declaratory and injunctive

28  relief, compensatory damages, and attorneys' fees.

1

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 1343(3), 42 U.S.C. §1983, 1985, 1988 and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

3. All of the events giving rise to the claims alleged in this Complaint arose in Los Angeles County. Venue therefore lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §84(c)(2) and 28 U.S.C. §1391(b).

4. This is a civil matter where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. By this action plaintiff seeks all legal and equitable relief to which she may be entitled, including, but not limited to compensatory damages, attorney's fees and costs, prejudgment interest, and injunctive relief against defendants.

5. Supplemental Jurisdiction is conferred by 28 U.S.C. §1367(a).

6. On July 13, 2008, Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission (Charge No. 480-2008-03445). Attached and incorporated herein as **Exhibit 1** is a true and correct copy of said complaint of discrimination. In December 2009, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission. Attached and incorporated herein as **Exhibit 2** is a true and correct copy of said Right to Sue Letter.

7. On or about October 28, 2008, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (Charge No. 480-2009-00311). Attached and incorporated herein as **Exhibit 3** is a true and correct copy of said complaint of discrimination. In December 2009, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission. Attached and incorporated herein as **Exhibit 4** is a true and correct copy of said Right to Sue letter.

8. On or about February 3, 2010, Plaintiff filed a complaint with the

2

1   California Department of Fair Employment and Housing (Complaint No. E-

2   200910-K-0893-00-c).  Attached and incorporated herein as **Exhibit 5** is a true

3   and correct copy of said complaint of discrimination.  In February 2010, Plaintiff

4   received a Right to Sue letter from the Department of Fair Employment and

5   Housing.  Attached and incorporated herein as **Exhibit 6** is a true and correct copy

6   of said Right to Sue letter.

7       9. In or before December 2009, Plaintiff became aware that a document

8   entitled "Settlement Agreement and General Release of Claims."  Attached and

9   incorporated here and **Exhibit 7** is a true and correct copy of said Settlement

10   Agreement.

11                          **PLAINTIFF**

12       10. Peggy Wilcher (hereinafter sometimes referred to as "Plaintiff"), is a

13   citizen of the United States.    Plaintiff is an adult person and a resident of the City

14   of Los Angeles,  County of Los Angeles,  State of California.

15                          **DEFENDANTS**

16       11 At all times mentioned herein, defendant CITY OF BEVERLY HILLS

17   (hereinafter "City") is a governmental entity whose headquarters are located in the

18   State of California, and whose principal place of business is the State of

19   California, City of Beverly Hills, County of Los Angeles.

20       12. Defendant, City is an entity subject to suit under Title VII of the Civil

21   Rights Act of 1964 (42 U.S.C. §2000e, et seq.).

22       13. In doing the acts and in failing and omitting to act as hereafter

23   described, defendant Does 1-20 were acting in their capacities as employees of

24   defendant City and within the course and scope of such employment.

25       14. In doing the acts and in failing and omitting to act as hereafter

26   described, defendants, and each of them were acting with the implied and actual

27   permission and consent of defendant.

28       15. The true names and capacities of Defendants DOES 1 through 20,

3

1   inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues

2   defendants under fictitious names. Plaintiff is informed and believes, and on that

3   basis alleges, that each defendant designated as a DOE is highly responsible in

4   some manner for the events and happenings referred to herein, and legally caused

5   the injuries and damages alleged in this complaint. Plaintiff will seek leave of the

6   court to amend this complaint to allege their true names and capacities when

7   ascertained.

8       16. Each Defendant, at all times mentioned herein, separately and in

9   concert, acted or failed to act under color of law and regulations of the State of

10  California. Each Defendant, separately and in concert, engaged in conduct which

11  deprived Plaintiff of the rights, privileges, and immunities secured to Plaintiff by

12  law.

13      17. Plaintiff is informed and believes and thereon alleges that at all times

14  herein mentioned each of the defendants was the agent and employee of the

15  remaining defendants and, in doing the things hereinafter alleged, was acting

16  within the course and scope of such agency and employment.

17      18. The unlawful employment practices complained of herein occurred in

18  Los Angeles County.

19  **STATEMENT OF FACTS**

20      19. Plaintiff, is currently employed by Defendant City of Beverly Hills in

21  the City of Beverly Hills Police Department.

22      20. Plaintiff began working for Defendant City in or about 1990 as a jailer

23  for the Beverly Hills Police Department. Plaintiff continued in her position as a

24  jailer until about 2008 when she transferred to the Records Department.

25      21. On or about July 13, 2008, Plaintiff filed a Charge of Discrimination

26  with the Equal Employment Opportunity Commission against Defendant City.

27  Plaintiff alleged that Defendant discriminated against her, harassed her and

28  subjected her to different terms and conditions of employment because of her race.

4

22. From about July 2008 until about February 2009 Plaintiff lodged internal complaints with Defendant City, alleging discrimination on the basis of race, harassment, hostile work environment, and retaliation.

23. After lodging these complaints, Plaintiff applied for promotional and transfer opportunities within the Beverly Hills Police Department in which she was well qualified for. Plaintiff was denied these promotional and transfer opportunities while less experienced employees were given the promotions or transfer opportunities. Plaintiff believes the failure to be promoted or transferred to certain positions was a form of retaliation by Defendant for making complaints against Defendant.

24. Plaintiff contends that the non-action of Defendant and its failure to investigate Plaintiff's claims of harassment and discrimination can be characterized as acquiescence of the retaliation and discrimination.

25. Between about October 2008 and about November 2008 Plaintiff worked 18 hour shifts in excess of 40 hours per week. During these long work shifts, Plaintiff was not afforded a meal break or even a 10 minute break because no other jailer was assigned during her shift to relieve her.

26. After working 18 hour shifts, there were no employees to relieve Plaintiff from her shift. Plaintiff would call her supervisor or watch commander at the end of an 18 hour shift and let him or her know that there was no employee to relieve her. Upon hearing that Plaintiff had no relief, her supervisor or watch commander would just tell her to "hang in there." Plaintiff could not go home until all of the prisoners are gone.

27. Plaintiff contends that she was not provided with overtime compensation for hours she worked in excess of forty hour per week, nor was she provided with compensatory time in lieu of overtime payments.

28. On or about October 28, 2008 Plaintiff filed a Complaint of Retaliation with the Equal Employment Opportunity Commission. Attached and incorporated herein as Exhibit 3 is a true and correct copy of said complaint of discrimination.

1    In her complaint Plaintiff alleges that Defendant retaliated against her for filing

2    the initial complaint with the Equal Employment Opportunity Commission in July

3    2008 by making her work 18 hour shifts without scheduling personnel to relieve

4    her. Plaintiff alleges that this change in the terms and conditions of her work

5    constitutes retaliation.

6        29.  In or before December 2009, Plaintiff became aware that a document

7    entitled, "Settlement Agreement and General Release of Claims," was being given

8    to employees in the Records Department and in the Dispatchers Department. This

9    form stated that employees who signed the letter would forfeit their right to sue

10   Defendant for having to work excessive hours and, in turn, these employees would

11   get to keep their current work schedules.  However, Defendant failed to provide

12   Plaintiff with this document, even though Plaintiff works in the Records

13   Department.  Defendant did however provide this document to the other

14   employees in the Records Department.

15       30.  Plaintiff contends that Defendant's failure to provide Plaintiff with the

16   document referenced above is a further act of retaliation against Plaintiff for filing

17   the initial charge of discrimination in July 2008 with the Equal Employment

18   Opportunity Commission.  Plaintiff will file another charge of retaliation with the

19   Department of Fair Employment and Housing regarding this most recent act of

20   retaliation from Defendant and will further amend her complaint to reflect this

21   new charge.

22       31.  On or about February 3, 2010, Plaintiff filed a Complaint of

23   Discrimination with the Department of Fair Employment and Housing alleging

24   retaliation by Defendant in the form of the City: failing to promote or transfer

25   Plaintiff, making her work 18 hour shifts without meal or rest breaks, and failing

26   to provide her with a document entitled "Settlement Agreement and General

27   Release of Claims."

28

## INJURIES TO PLAINTIFF

32.  As a direct and proximate result of the above described unlawful and malicious acts of defendants, Plaintiff has suffered emotional and mental anguish, all of which are in violation of her civil rights under the Constitution of the State of California, and State  laws.  Plaintiff has suffered and will continue to suffer great emotional and mental anguish.  Plaintiff has been humiliated, embarrassed, and ridiculed as a result of the foregoing acts of Defendant.

33. Plaintiff has incurred and will continue to incur medical expenses for treatment by physicians and/or other health professionals, and for other incidental medical expenses; and plaintiff has suffered and will continue to suffer a loss of earnings, bonuses, retirement benefits, fringe benefits, employment opportunities, and/or other employment benefits.

34. The above recited actions of Defendant were done with reckless disregard of the plaintiff's rights under Title VII of the Civil Rights Act of 1964, the California Fair Employment and Housing Act, and the Fair Labor Standards Act.

## FIRST CAUSE OF ACTION
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## (42 U.S.C. §2000e, ET SEQ.)
## AGAINST  ALL DEFENDANTS

35.  Plaintiff incorporates herein by specific reference as though fully set forth all previous paragraphs.

36. As set forth above, Defendant's acts and omissions constitute a violation of Title VII of the Civil Rights Act of 1964, which prohibits any employer from retaliating against an employee for opposing acts of discrimination by making complaints or participating in discrimination investigations.

37.  Plaintiff engaged in a protected activity when she submitted complaints

1 of discrimination and as a result of submitting these complaints, she was subjected
2 to different terms and conditions of employment. Specifically Plaintiff was denied
3 promotional and transfer opportunities. Furthermore, Plaintiff was required to
4 work 18 hour shifts without meal or rest periods and without the scheduling of
5 other employees to relieve her of her shift. Lastly, Defendant failed to provide
6 Plaintiff with a copy of the Settlement Agreement and General Release of Claims
7 contract, but Defendant did provide the contract to the other employees in the
8 Records Department. Plaintiff believes that these acts constitute retaliation.

9     38. Plaintiff contends that because 42 U.S.C. § 2000e-8(b) permits dual-
10 filing for complaints of discrimination with the EEOC and DFEH, her DFEH
11 Right-to-Sue Notice is sufficient to constitute exhaustion of administrative
12 remedies with respect to her Title VII claim.

13     39. By reason of Defendant's unlawful acts, practices, and omissions,
14 plaintiff has suffered humiliation, mental anguish, and physical and emotional
15 distress.

16     40. Plaintiff has incurred and will continue to incur medical expenses for
17 treatment by physicians and/or other health professionals, and for other incidental
18 medical expenses; and plaintiff has suffered and will continue to suffer a loss of
19 earnings, bonuses, retirement benefits, fringe benefits, employment opportunities,
20 and/or other employment benefits.

21 **SECOND CAUSE OF ACTION**
22 **WILLFUL VIOLATION OF FAIR LABOR STANDARDS ACT**
23 **("FLSA")(29 U.S.C. 201 ET SEQ.)**
24 **AGAINST ALL DEFENDANTS**

25     41. Plaintiff incorporates herein by specific reference as though fully set
26 forth all previous paragraphs.

27     42. As set forth above, Defendant's acts and omissions constitute a
28 violation of the Fair Labor Standards Act (29 U.S.C. 201 et. seq.), which provides

1    the following:

> "...No employer shall employ any of his employees who in any workweek is
> engaged in commerce or in the production of goods for commerce, or is
> employed in an enterprise engaged in commerce or in the production of
> goods for commerce, for a workweek longer than forty hours unless such
> employee receives compensation for his employment in excess of the hours
> above specified at a rate not less than one and one-half times the regular rate
> at which he is employed." (29 U.S.C. 207(a)(1)).

43. According to the FLSA section 202(a), The FLSA applies to employees in "industries engaged in commerce or in the production of goods for commerce." Therefore, according to this section, Plaintiff is covered under the FLSA.

44. Plaintiff is informed and believes and on that basis alleges that by Defendant's above described acts of requiring Plaintiff to work 18 hours per shift and in excess of 40 hours per week, and failing to provide Plaintiff with compensatory time in lieu of overtime, Plaintiff is entitled to compensation of one and a half times her regular rate of pay.

45. By reason of Defendant's unlawful acts, practices, and omissions, Plaintiff has suffered monetary damages, humiliation, mental anguish, and physical and emotional distress.

46. The unlawful acts and practices of Defendant alleged herein were reckless and caused great harm to plaintiff.

### THIRD CAUSE OF ACTION
### RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")(29 U.S.C. 201 ET SEQ.)
### AGAINST ALL DEFENDANTS

47. Plaintiff incorporates herein by specific reference as though fully set forth all previous paragraphs.

48. As set forth above, Defendant's acts and omissions constitute a violation of the Fair Labor Standards Act (29 U.S.C. 201 et seq.). Specifically, Section 215(a)(3) makes it unlawful for an employer to discriminate against or discharge an employee for filing a complaint or instituting a proceeding under the FLSA.

1    Additionally, Section 216(b) holds an employer, who retaliates against an

2    employee for filing a complaint, liable for legal or equitable relief, including, but

3    not limited to, employment, reinstatement, promotion, the payment of lost wages,

4    and liquidated damages.

5        49. Defendant failed to provide Plaintiff with a copy of the Settlement

6    Agreement and General Release of Claims contract, but Defendant did provide the

7    contract to the other employees in the Records Department. As an employee in the

8    Records Department, Plaintiff should have received this document. Plaintiff

9    believes that these acts by Defendant constitute retaliation.

10       50. By reason of Defendant's unlawful acts, practices, and omissions,

11   plaintiff has suffered humiliation, mental anguish, and physical and emotional

12   distress.

13       51. Plaintiff has incurred and will continue to incur medical expenses for

14   treatment by physicians and/or other health professionals, and for other incidental

15   medical expenses; and plaintiff has suffered and will continue to suffer a loss of

16   earnings, bonuses, retirement benefits, fringe benefits, employment opportunities,

17   and/or other employment benefits.

18                          **FOURTH CAUSE OF ACTION**

19      **RETALIATION IN VIOLATION OF THE FAIR CALIFORNIA FAIR**

20      **EMPLOYMENT AND HOUSING ACT ("FEHA") (CAL. GOV. CODE**

21                              **§12900, et seq.)**

22                       **AGAINST ALL DEFENDANTS**

23       52. Plaintiff incorporates herein by specific reference as though fully set

24   forth all previous paragraphs.

25       53. As set forth above, Defendants' acts and omissions constitute a

26   violation of the California Fair Employment and Housing Act, Government Code

27   Section 12900, et seq., which prohibits any employer from retaliating against an

28   employee for opposing any unlawful employment acts prohibited by Government

1 | Code Section 12900 et seq.

2 |     54. Plaintiff engaged in a protected activity when she submitted complaints

3 | of discrimination and as a result of submitting these complaints, she was subjected

4 | to different terms and conditions of employment. Specifically Plaintiff was denied

5 | promotional and transfer opportunities. Furthermore, Plaintiff was required to

6 | work 18 hour shifts without meal or rest periods and without the scheduling of

7 | other employees to relieve her of her shift. Lastly, Defendant failed to provide

8 | Plaintiff with a copy of the Settlement Agreement and General Release of Claims

9 | contract, but Defendant did provide the contract to the other employees in the

10 | Records Department. Plaintiff believes that these acts constitute retaliation.

11 |     55. As a direct result of engaging in this protected activity, Defendants

12 | retaliated against Plaintiff by subjecting her to different terms and conditions of

13 | employment, a hostile work environment and harassment.

14 |     56. Plaintiff's report of unlawful employment practices was the causal link

15 | to the retaliation experienced by Plaintiff.

16 |     57. By reason of Defendants' unlawful acts, practices, and omissions,

17 | plaintiff has suffered humiliation, mental anguish, and physical and emotional

18 | distress.

19 |     58. Plaintiff has incurred and will continue to incur medical expenses for

20 | treatment by physicians, psychiatrists and/or other health professionals, and for

21 | other incidental medical expenses; and Plaintiff has suffered and will continue to

22 | suffer a loss of earnings, bonuses, retirement benefits, fringe benefits, employment

23 | opportunities, and/or other employment benefits

24 | **PRAYER FOR RELIEF**

25 | WHEREFORE, plaintiff requests that this Court:

26 | 1. Permanently enjoin defendants and their agents, employees and

27 | successors, and all persons in active conduct or participation with defendants,

28 | from engaging in discriminatory, harassing and retaliatory treatment of

from engaging in discriminatory, harassing and retaliatory treatment of
Defendants' employees;

    2. Enter a declaratory judgment declaring that the acts and practices of
defendants and their agents and employees set forth above violate the foregoing
provisions of law;

    3. Direct defendants to take such affirmative steps as may be necessary and
appropriate to correct the effect of their past unlawful acts and practices;

    4. Order the following award of damages against defendants:

    a) General damages on the plaintiff's economic losses, deprivation of civil
rights, humiliation, mental anguish and emotional damages, according to proof at
trial;

    b) For interest on the sum of damages awarded, calculated from July 2008 to
the date of judgment.

    5. For costs and expenses of suit herein incurred;

    6. For reasonable attorneys fees;

    7. Grant such other and further relief as the Court deems just and proper.


DATED: May  , 2010                    LAW OFFICES OF LEO JAMES TERRELL


                                      Leo James Terrell, Attorney for Plaintiff

1

## DEMAND FOR JURY TRIAL

2          Plaintiff herein demands a jury trial of all issues triable by jury.

3

4

5

6     DATED: May 5, 2010                    LAW OFFICES OF LEO JAMES TERRELL

7

8

9

10                                          Leo James Terrell, Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I, STEPHANIE E. YASUDA, am employed in the County of Los Angeles, State ofCalifornia; I am over the age of eighteen years and not a party to the within entitled action; my business address is 8383 Wilshire Boulevard, Suite 920, Beverly Hills, California 90211.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On May _3_, 2010,  I served the within THIRD AMENDED COMPLAINT FOR DAMAGES on the interested party in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Beverly Hills, California addressed as follows:

Nicole D. Gomes, Esq.

HOLME ROBERTS & OWEN LLP

800 W. Olympic Blvd., 4th Floor

Los Angeles, CA 90015

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May _3_, 2010, at Beverly Hills, California.

STEPHANIE E. YASUDA

14

**EXHIBIT 1**

EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 480-2008-03445 |

**California Department Of Fair Employment & Housing** and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Peggy A. Wilcher | (909) 444-0972 | 09-10-1957 |

| Street Address | City, State and ZIP Code |
|---|---|
| 515 Bourdet Street, Walnut, CA 91789 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BEVERLY HILLS POLICE DEPARTMENT | 201 - 500 | (310) 288-2600 |

| Street Address | City, State and ZIP Code |
|---|---|
| 464 North Rexford Drive., Beverly Hills, CA 90210 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04-01-2005    Latest: 06-30-2008

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.    I was hired on May 21, 1990. I currently hold the position of Jailer. In April 2005, November 2005, November 2007, May 2008, and continuing, I have been denied a transfer into the positions of Evidence and Property Officer and Transportation (TCO), by Commander Theresa Taylor, and Sandra Olivencia-Curtis, Assistant Director of Human Resources. I am aware of past practices in which several White employees have been transferred even without testing for the positions. I am also aware of positions being issued to employees with less seniority than I.

II.   I was informed by Ms. Taylor and Ms. Olivencia-Curtis that I was unable to transfer because there was no transfer program.

III.  I believe that I am being discriminated against based on my race; Black, which is in violation of Title VII of the Civil Rights Act of 1964, as amended,

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 07-13-08   *[signature]* Peggy A. Wilcher | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date        Charging Party Signature | |

**EXHIBIT 2**

EEOC Form 161 (11/09)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Peggy A. Wilcher<br>515 Bourdet Street<br>Walnut, CA 91789 | From: Los Angeles District Office<br>255 E. Temple St. 4th<br>Los Angeles, CA 90012 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2008-03445 | Ivan B. Oliveira,<br>Investigator | (213) 894-1000 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)    **After factoring in resources considerations, assuring that the Charging Party has been provided a fair opportunity to present his/her case and to elect a course of action in pursuing all allegations therein; sufficient information has been received to conclude that this charge should be dismissed.**

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_Denise K.M. Ler_    12/10/09

| | |
|---|---|
| Enclosures(s) | Olophius E. Perry,<br>District Director    (Date Mailed) |

cc:
Sandra Olivencia-Curtis
Human Resources
BEVERLY HILLS POLICE DEPARTMENT
464 North Rexford Drive
Beverly Hills, CA 90210

Leo James Terrell
8383 Wilshire Blvd., Ste. 920
Beverly Hills, CA 90211

**EXHIBIT 3**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 480-2009-00311 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mrs. Peggy A. Wilcher | (909) 444-0972 | 09-10-1957 |

| Street Address | City, State and ZIP Code |
|---|---|
| 515 Bourdet Street, Walnut, CA 91789 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BEVERLY HILLS POLICE DEPARTMENT | 201 - 500 | (310) 288-2600 |

| Street Address | City, State and ZIP Code |
|---|---|
| 464 North Rexford Drive., Beverly Hills, CA 90210 | |

RECEIVED

OCT 3 0 2008

EEOC/LADO INTAKE

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 10-19-2008 | 10-20-2008 |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.    On October 19, 2008 and again on October 20, 2008, I was denied additional personnel to assist with the bookings of arrestees.

II.   No reason was given as to why additional assistance was not provided.

III.  I believe that I am being retaliated against for filing a grievance and a prior EEOC charge (#480-2008-03445), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 10-29-08   Peggy A. Wilcher

Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**EXHIBIT 4**

EEOC Form 161 (11/09)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Peggy A. Wilcher
515 Bourdet Street
Walnut, CA 91789

From:  Los Angeles District Office
255 E. Temple St. 4th
Los Angeles, CA 90012

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2009-00311 | Ivan B. Oliveira, Investigator | (213) 894-1000 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X]  Other (briefly state)    After factoring in resources considerations, assuring that the Charging Party has been provided a fair opportunity to present his/her case and to elect a course of action in pursuing all allegations therein; sufficient information has been received to conclude that this charge should be dismissed.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_____    12/11/09
Olophius E. Perry,
District Director    *(Date Mailed)*

Enclosures(s)

c:
Sandra Olivencia-curtis
Human Resources Asst. Director
BEVERLY HILLS POLICE DEPARTMENT
646 North Rexford Dr.
Beverly Hills, CA 90210

Leo James Terrell
8383 Wilshire Blvd., Ste. 920
Beverly Hills, CA 90210

**EXHIBIT 5**

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E-200910-K-0893-00c

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
Ms. Peggy Wilcher

TELEPHONE NUMBER (INCLUDE AREA CODE)
310-532-2269

ADDRESS
515 Bourdet Street

CITY/STATE/ZIP  Walnut, CA 91789        Los Angeles COUNTY        COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE,
OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
City of Beverly Hills Police Department

TELEPHONE NUMBER (include Area Code)
(909) 444-0972

ADDRESS
464 N. Rexford Drive

DFEH USE ONLY

CITY/STATE/ZIP  Beverly Hills, CA 90210        Los Angeles COUNTY        COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
201-500

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)  12/2009

RESPONDENT CODE

THE PARTICULARS ARE:

On 01/01/09-continous I was

- ___ fired
- _X_ laid off
- ___ demoted
- ___ harassed
- ___ genetic characteristics testing
- ___ forced to quit

- ___ denied employment
- ___ denied promotion
- ___ denied transfer
- ___ denied accommodation
- ___ impermissible non-job-related inquiry
- _X_ other (specify) Retaliated against

- ___ denied family or medical leave
- ___ denied pregnancy leave
- ___ denied equal pay
- ___ denied right to wear pants
- ___ denied pregnancy accommodation

by  Management
         Name of Person                    Job Title (supervisor/manager/personnel director/etc.)

because of my: ___ sex          ___ national origin/ancestry     ___ physical disability     ___ cancer                  ___ (Circle one) filing;
                ___ age          ___ marital status              ___ mental disability       ___ genetic characteristic   Protesting; participating in
                ___ religion     ___ sexual orientation                                                                   investigation (retaliation for)
                _X_ race/color   ___ association                 ___ other (specify) _____

the reason given by ___ Management
                         Name of Person and Job Title

Was because
of [please
state what
you believe to
be reason(s)]

Please see attachment.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I
want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the
DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair
Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters
stated on my information and belief, and as to those matters I believe it to be true.

Dated _____

At  Beverly Hills
         City

COMPLAINANT'S SIGNATURE   RECEIVED

FEB ~ 3 2010

Department of Fair Employment
and Housing

DATE FILED: 2/3/2010

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

## ATTACHMENT

Peggy Wilcher is currently employed by the Defendant City of Beverly Hills in the City of Beverly Hills Police Department. Ms. Wilcher began working for the City in or about 1990 as a jailer for the Beverly Hills Police Department. Ms. Wilcher continued in her position as a jailer until about 2008 when she transferred to the Records Department.

Beginning in November of 2007, Ms. Wilcher requested a transfer to a more stable position due to her son's disability. Ms. Wilcher was denied by Division Commander and Supervisor Theresa Taylor and told that the City does not have a transfer program. Ms. Wilcher was then told that she may apply for "other positions within the City which will meet her needs."

On or about July 13, 2008, Ms. Wilcher filed a Charge of Discrimination with the California Department of Fair Employment and Housing ("DFEH") against the City. Ms. Wilcher alleged that the City discriminated against her, denied her a job transfer, harassed her, and subjected her to different terms and conditions of employment because of her race. Ms. Wilcher claims that other cadets, other police officers, and non-qualified non-Blacks were allowed to transfer to other positions without testing or experience from various times in 2006 through 2008.

From about July 2008 until about February 2009 Ms. Wilcher lodged internal complaints with the City, alleging discrimination on the basis of race, harassment, hostile work environment, and retaliation. After lodging these complaints, Ms. Wilcher applied for promotional and transfer opportunities within the Beverly Hills Police Department in which she was well qualified for but was denied these promotional and transfer opportunities while less experienced employees were given the promotions or transfer opportunities. Ms. Wilcher believes the failure to be promoted or transferred to certain positions was a form of retaliation by the City for making complaints against it. Ms. Wilcher contends that the non-action of the City and its failure to investigate Ms. Wilcher's claims of harassment and discrimination can be characterized as acquiescence of the retaliation and discrimination.

Additionally, between about October 2008 and about November 2008 Ms. Wilcher worked 18 hour shifts. During these long work shifts, Ms. Wilcher was not afforded a meal break or even a 10 minute break because no other jailer was assigned during her shift to relieve her. After working 18 hour shifts, there were no employees to relieve Ms. Wilcher from her shift. Ms. Wilcher would call her supervisor or watch commander at the end of an 18 hour shift and let him or her know that there was no employee to relieve her. Upon hearing that Ms. Wilcher had no relief, her supervisor or watch commander would just tell her to "hang in there." Ms. Wilcher could not go home until all of the prisoners are gone.

On or about October 28, 2008 Ms. Wilcher filed a complaint of discrimination with DFEH alleging retaliation. In her complaint, Ms. Wilcher alleges that the City retaliated against her for filing the initial DFEH complaint in July 2008 by making her work 18 hour shifts without scheduling personnel to relieve her. Ms. Wilcher alleges that this change in the terms and conditions of her work constitutes retaliation.

In 2009, Claimant became aware that a new contract was circulating from Defendant, stating that employees who signed the letter would forfeit their right to sue Defendant for having to work excessive hours and, in turn, these employees would get to keep their current work schedules. The contract was given to employees in the Records Department and the Dispatchers Department. However Defendant failed to provide Claimant with the contract even though Claimant works in the Records Department. Claimant alleges that this failure to offer her the terms of the contract constitutes retaliation.

RECEIVED

FEB – 3 2010

Department of Fair Employment and Housing

**EXHIBIT 6**

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGE.                                      ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2101 East 4th Street, Suite 255-B, Santa Ana, CA 92705
(714) 558-4266 TTY (800) 700-2320 Fax (714) 558-6461
www.dfeh.ca.gov



February 17, 2010


PEGGY WILCHER
515 Bourdet Street
Walnut, CA 91789

RE:     E200910K0893-00-c
        WILCHER/BEVERLY HILLS, CITY OF, POLICE DEPT

Dear PEGGY WILCHER:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
February 3, 2010 because an immediate right-to-sue notice was requested.  DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint.  The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Steve White
District Administrator

cc:    Case File

Executive Officer
BEVERLY HILLS, CITY OF, POLICE DEPT
464 N. Rexford Drive
Beverly Hills, CA  90210

**EXHIBIT 7**

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release ("Agreement") is made and entered into
by and between the City of Beverly Hills ("City"), the Beverly Hills Safety Support Association
("Association"), and the individuals identified in Appendix A to this Agreement ("Employees"),
with reference to the following facts (the City, Employees and Association may be collectively
referred to herein as the "Parties"):

### RECITALS

A.     Whereas, Employees are currently employed by the City and are in a bargaining
unit whose exclusive representative is the Association; and

B.     Whereas, Employees worked a 3/12.5 work schedule for the City during the last
three years; and

C.     Whereas, Employees have learned, and the City disputes, that the City may have
violated the Fair Labor Standards Act ("FLSA") by failing to pay Employees overtime
compensation relating to the 3/12.5 work schedule they worked for the City during the last three
years; and

D.     Whereas, the City and Employees desire to settle and compromise all disputes and
controversies existing between them relating to the Employees' 3/12.5 work schedule, whether
known or unknown, that may have arisen during the last three years; and

E.     Whereas, the Parties have engaged in extensive negotiations in an attempt to
resolve their differences relating to this matter, and throughout these negotiations all Parties
were, and continue to be, represented by legal counsel experienced in wage and employment
matters; and

F.     Whereas, due to the nature of the Agreement to resolve the disputes between the
City and the Employees, the Association has become a party to this Agreement because the City
and the Association have agreed to modify the current Memorandum of Understanding between
them; and

G.     Whereas, as a result of their negotiations, the Parties want to settle all claims
relating to the Employees' 3/12.5 work schedule arising during the last three years; and

H.     Whereas, the Parties want to enter into this Agreement as hereinafter set forth;

NOW THEREFORE, in consideration for the mutual promises and undertakings of the
Parties as set forth below, the City, Employees and the Association hereby enter into this
Agreement and agree as follows:

1

1.    Recitals. The recitals set forth in this Agreement are true and correct and are hereby fully incorporated by reference into this Agreement. This Agreement affects claims and demands which are disputed, and by executing this Agreement, no Party admits or concedes any of the claims, defenses, or allegations relating to the Employees' 3/12.5 work schedule which were raised or could be raised by any other party or any third party. Each Party expressly denies liability for any and all claims or demands. The Parties acknowledge that this is a compromise settlement of a disputed claim or claims. Moreover, neither this Agreement, nor any part of this Agreement, shall be construed to be nor shall be admissible in any proceeding as evidence of or any admission by any Party of any violation of law or any wrongdoing whatsoever. This document may be introduced in a proceeding to enforce the terms of this Agreement.

2.    Settlement Terms. The Employees have been working a 3/12.5 work schedule. Effective with the execution of this Agreement by the City (which will occur on the first day of the pay period following the date of execution by the last Employee to sign this Agreement) Employees will begin to receive overtime compensation related to their working the 3/12.5 work schedule if they work more than 40 hours in the defined FLSA workweek. Because all Safety Support Personnel are required to work a 40 hour workweek, a 3/12.5 work schedule will consist of workweeks of 3 consecutive workdays of 12.5 consecutive hours each with one additional 10 consecutive hour day every four weeks. The 10 hour shift shall not be changed unless it is intended to be changed permanently. If that happens, the employee's FLSA workweek will change to begin five hours after the new start time of the 10 hour shift.

For those Employees who will work a 3/12.5 work schedule (i.e., the Communications Dispatchers, Communications Supervisor Records Technicians II and Senior Records Technician), each Employee's designated FLSA workweek shall begin exactly five hours after the start time of each employee's 10 hour shift. As such, these Employees will earn 2.5 hours of overtime (of which the straight time portion of these hours will have already been paid as part of regular monthly compensation) in each of the two workweeks in which the 10 hour shift shall fall. As such, these Employees shall receive the half time portion of the overtime earned at the regular rate of pay for the two workweeks in which the 10 hour shift shall fall.

Pursuant to the Memorandum of Understanding ("MOU") entered into between the City and the Association effective September 27, 2008 for a period of five years, the parties to this Agreement agree that the 3/12.5 work schedule (i.e., that the employees will work a 3/12.5 work schedule) cannot be changed absent an agreement between the City and the Association during the term of that MOU. Other changes to the 3/12.5 work schedule, such as the start time of shifts may be made in accordance with the MOU and potentially subject to the meet and confer process if applicable.

3.    Release of Claims by Employees. In consideration for the City's offer to maintain the 3/12.5 work schedule and to begin paying overtime for those weeks in which Employees work more than 40 hours, Employees hereby, on behalf of themselves and their spouses, domestic partners, heirs, representatives, executors, agents, attorneys, administrators, successors-in-interest and assigns, irrevocably and unconditionally release and discharge the City, including its officers and employees, heirs, representatives, executors, agents, attorneys, administrators,

2

and successors-in-interest, from any and all lawsuits, claims, actions, demands, including those
for back pay, or other legal responsibilities of any kind which Employees have, or may have,
against the City, its officers and employees that could have been asserted during the last three
years based upon or related to the Employees' 3/12.5 work schedule. Employees expressly
acknowledge that this Release includes any and all claims that Employees asserted or could have
asserted during the last three years based upon or related to the Employees' 3/12.5 work
schedule. Employees also acknowledge and agree that this release is an essential and material
term of this Agreement and without such release, no settlement would have been reached by the
Parties.

    4.    Release of Unknown Claims. Employees, and each of them, hereby waive any
and all rights or benefits that any of them may have under Section 1542 of the Civil Code of the
State of California, which provides:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR
AT THE TIME OF EXECUTING THE RELEASE. WHICH IF KNOWN BY HIM OR
HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH
THE DEBTOR."

Employees, and each of them, respectively, acknowledge that they understand the effect
of this waiver pursuant to Civil Code Section 1542, and that they are represented and have been
advised of this release by their counsel.

    5.    Knowledge of Parties. The Parties understand and agree to the settlement, this
Agreement and the terms and conditions contained herein, and enter into this Agreement
knowingly and voluntarily. The Employees and Association have been advised that they have
the right to seek legal advice with respect to this Agreement, including the release, have had the
opportunity to consult with counsel, and have in fact consulted with counsel of their choice. The
Parties have investigated the facts pertaining to the settlement and the Agreement and all matters
pertaining thereto as deemed necessary. The Parties have relied upon their judgment, belief,
knowledge, understanding and expertise after consultation with their counsel concerning the
legal effect of the settlement and its terms. By signing this document and the documents referred
to herein, the Parties signify their full understanding, agreement, and acceptance of the
Agreement.

    6.    Entire Agreement. This Agreement contains the entire agreement of the Parties
regarding the subject matter of this Agreement and shall constitute the final understanding
between the Parties hereto. All prior negotiations made or which have occurred prior to the date
of this Agreement are merged into this Agreement.

    7.    No Additional Representations. Except for the terms of this Agreement, the
Parties have not relied upon any statement or representation, written or oral, made by any Party,
or any of their respective agents, attorneys or any other person, regarding any matter including,
but not limited to, the federal or state income tax consequences of the Agreement to any Party.

3

2008-09-28 17:00    PEGGY    9094440972 >> #:332036555104    P 6/11

The Parties expressly acknowledge and agree that they have relied solely upon the advice of their own attorneys and/or accountants as to the tax and benefit consequences of the Agreement.

8.    Warranty of Non-Assignment.  The Parties warrant that they have not assigned any of the claims or portions of the claims that are the subject of this Agreement.

9.    Binding Agreement.  The Agreement and all documents referred to herein, shall bind and inure to the benefit of each of the Parties hereto and their spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys' successors and assigns.  Except as expressly provided herein, this Agreement is not for the benefit of any person not a Party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby.  The Agreement is not intended to constitute a third party beneficiary contract.

10.    Authority to Execute.  Each Party hereto warrants to the other Party or Parties that he, she or it has the full power and authority to execute, deliver and perform under this Agreement and all documents referred to herein, and that any needed consent or approval from any other person has been obtained.

11.    Confidentiality and Disclosure of Terms.  The Parties each agree to maintain the confidentiality of the negotiations underlying this agreement to the extent permitted by law, and agree that they shall not voluntarily and publicly discuss the negotiations, except as necessary in the ordinary course of City business.  This provision shall not extend to any information relating to the negotiations of this Agreement that the City may be required to pursuant to the requirements of the Ralph M. Brown Act, Government Code section 54950, *et seq.*, or California Public Records Act, Government Code section 6250, *et seq.*, and the provisions of any other law or regulation requiring disclosure of information by public entities.

12.    Duty to Act in Good Faith.  The Parties shall act in good faith and use their reasonable good faith efforts after the execution of this Agreement to ensure that their respective obligations hereunder are fully and punctually performed.  The Parties shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement.  Time is of the essence in this Agreement.

13.    Interpretation and Construction.  Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein, or have had equal opportunity to do so.  The headings used herein are for reference only and shall not affect the construction of this Agreement.



this Agreement, such action shall be filed and prosecuted in the Los Angeles County Superior
Court and/or the United States District Court for the Central District of California, to the extent
of that court's jurisdiction.

15.     Breach, Waiver and Amendment. No breach of this Agreement or of any
provision herein can be waived except by an express written waiver executed by the Party
waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other
breach of the same or other provisions of this Agreement. The Agreement may be amended,
altered, modified or otherwise changed in any respect or particular only by a writing duly
executed by the Parties hereto or their authorized representatives.

16.     Exhibits. All exhibits, appendices and schedules attached to this Agreement are
hereby incorporated into this Agreement as though fully set forth herein.

17.     Execution. This Agreement and any document referred to herein, may be
executed in any number of counterparts, each of which may be deemed an original and all of
which together shall constitute a single instrument.

18.     Agreement Does Not Establish Precedent. The Parties agree that the terms of this
Agreement are binding and will not establish any precedent, nor will this Agreement be used as a
basis by the parties or anyone else to seek or justify similar terms in any subsequent case.

19.     Effective Date. This Agreement shall become effective immediately following
execution by all of the Parties, on the latest date appearing below.

5

PLEASE READ CAREFULLY: This Settlement Agreement and General Release of Claims includes a release of known and unknown claims arising during the last three years relating to the Employees' 3/12.5 work schedule.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement and General Release of Claims.

CITY OF BEVERLY HILLS

December ___, 2009                   By: _____
                                          Roderick Wood
                                          City Manager, City of Beverly Hills

BEVERLY HILLS SAFETY SUPPORT
ASSOCIATION

December ___, 2009                   By: _____
                                          Chris Bloore
                                          President

THE SIGNATURES OF CURRENT EMPLOYEES WHO WORKED A 3/12.5 WORK SCHEDULE DURING THE PAST THREE YEARS ARE CONTAINED ON SEPARATE SIGNATURE PAGES ATTACHED AND INCLUDED HEREIN BY THIS REFERENCE.

2008-09-28  17:01          PEGG'          9094440972 >>  5536555104                                    P 9/11

APPROVED AS TO FORM AND CONTENT:

LIEBERT CASSIDY WHITMORE

Dated: _____, 2009          By: _____

                                        Peter J. Brown
                                        Attorney for City of Beverly Hills

SILVER, HADDEN, SILVER, WEXLER &
LEVINE

Dated: _____, 2009          By: _____

                                        Robert M. Wexler
                                        Attorney for the Beverly Hills Safety
                                        Support Association

7